IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DARREN G. HILL, | § | |
| Wichita County Jail No. 49520, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:21-cv-00124-M-BP |
| | § | |
| NURSE MICHAEL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Darren Hill sued Defendant, a nurse at the Wichita County Jail, on December 8, 2021, alleging he violated Hill's civil rights by failing to address his hypertension in a timely manner. ECF No. 1. That same day, Hill's case was referred to the undersigned pursuant to Special Order 3. ECF No. 4. On December 13, the Court granted Hill's petition for leave to proceed *in forma pauperis* subject to judicial screening under 28 U.S.C. § 1915(e)(2). ECF No. 7. The Court then sent Hill a Questionnaire seeking more information on his legal claims and the facts supporting them. ECF No. 8. Hill answered the Questionnaire, submitting his responses on December 22, 2021. ECF No. 9. After reviewing Hill's Complaint, Questionnaire answers, and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** this case **WITH PREJUDICE** because Hill's pleadings reveal he lacks grounds on which to state a legally cognizable claim.

**I.     BACKGROUND**

Hill has had hypertension for two decades. ECF No. 9 at 6. He knows the signs and symptoms of high blood pressure and is no stranger to the risks associated with his condition. *Id.*

In November 2021, Hill told Nurse Michael he needed his blood pressure checked. *See* ECF Nos. 1 at 4; 9 at 1. Despite Hill's request, Nurse Michael allegedly neglected to check his blood pressure. ECF No. 9 at 2. When Hill confronted him about his unresponsiveness, Nurse Michael allegedly "became very unprofessional" and told Hill that he could not treat another patient he was seeing if Hill did not "shut up and sit down." *Id.*

When Hill revisited the nursing station the next day, a different nurse checked his blood pressure. *Id.* at 3. After his blood pressure read 178/110, considered dangerously hypertensive, Hill was put on clonidine to bring it down. *Id.* Although Hill experienced sweatiness, dizziness, and visual haze prior to that visit, his condition has improved while using the hypotensive agent. *Id.* Hill does not believe Nurse Michael was deliberately indifferent to his medical concerns, but he does assert his unresponsiveness was grossly negligent. *Id.* at 4. Although he did not experience any health complications or lasting side effects from the delay, Hill filed this action to challenge Nurse Michael's "straight disregard for a chronic serious illness that could've lead [sic] to multiple complications." *Id.* He seeks damages "for the pain as well as the suffering I had to mentally, physically, and emotionally . . . fight through until I was given the proper care." ECF No. 1 at 4.

II. **LEGAL STANDARDS**

    A. **28 U.S.C. § 1915(e)(2)(B) Standard**

Because Hill is proceeding *in forma pauperis*, his complaint is subject to *sua sponte* dismissal if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law if "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.

1999). To state a claim on which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts apply a relaxed standard to parties appearing *pro se* and liberally construe any *pro se* pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To this end, courts may issue questionnaires to *pro se* plaintiffs whose pleadings do not contain sufficient information to determine their cause of action. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). Although questionnaire answers do not "constitute an independent pleading," they become part of a *pro se* plaintiff's "total filing." *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996). Dismissals with prejudice are only warranted if review of the *pro se* pleadings reveals they contain an "incurable defect." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

### B.  Deliberate Indifference Standard

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison . . . [is] subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citations omitted). Nevertheless, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.

To state an Eighth Amendment claim on grounds of deliberate indifference, a plaintiff must show (1) he was objectively exposed to a substantial risk of serious harm, and (2) that defendant knew about this risk and acted with deliberate indifference toward it. *Farmer*, 511 U.S. at 834.

"Deliberate indifference entails something more than negligence, but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* To show deliberate indifference, the plaintiff must allege defendant engaged in conduct that would "clearly evince" a wanton disregard for his serious medical needs. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Deliberate indifference is an "extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). "A plaintiff's disagreement with medical treatment does not establish a claim of indifference, nor does mere negligence, neglect, or medical malpractice." *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (citing *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)); *see also Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

### III.   ANALYSIS

Liberally construed, Hill alleges Nurse Michael's disregard for his blood pressure violated his constitutional rights as an inmate. Although his Complaint does not invoke the Eighth Amendment, Hill's allegations seem orientated toward such a claim. While his allegations cast Nurse Michael's responsiveness into doubt, Hill fails to state a claim because "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. To state a claim, Hill must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* Here, Hill told Nurse Michael he "needed [his] blood pressure checked." ECF No. 1 at 4. Simply telling a nurse you need your blood pressure checked does not give the nurse "objective knowledge" of a "substantial risk of serious harm," as is required to state a deliberate indifference claim. *See Farmer*, 511 U.S. at 834.

The Court's Questionnaire specifically asked Hill if he claims Nurse Michael was negligent or deliberately indifferent. ECF No. 9 at 4. In response, Hill clearly stated "negligent." *Id.* Yet

negligence is not enough. *Estelle*, 429 U.S. at 106; *Norton*, 122 F.3d at 292. When prompted to provide facts showing Nurse Michael was deliberately indifferent to his medical needs, he referred to his previous answer, reiterating that he was negligent, not deliberately indifferent. ECF No. 9 at 5. Thus, Hill's Questionnaire answers show he lacks a legally cognizable claim against Nurse Michael. *See Johnson*, 759 F.2d at 1238.

Even if the Court disregarded Hill's answers to questions four and five of the Questionnaire, he still would not have a viable claim for deliberate indifference. Nurse Michael allegedly refused to check Hill's blood pressure at 5:00 p.m. on November 10. ECF No. 1 at 3. The very next day, a different nurse checked his blood pressure, and Hill was prescribed clonidine. *Id.* at 3. Thus, the total elapsed time between Hill's blood pressure check and his initial request was less than twenty-four hours. Cases involving treatment delays measured in days, rather than hours, have failed to meet the showing required for deliberate indifference. *See, e.g.*, *Estelle*, 429 U.S. at 100-01 (finding deliberate indifference was not shown even though treatment was delayed twice, once for a period of four days and once for a period of two days).

Hill's claims involve alleged negligence similar in scope and severity to the plaintiff's in *Johnson*. There, the court rejected the plaintiff's deliberate indifference claim because he did "not den[y] that he has been treated . . . for the ailments of which he complained" and "submitted no evidence that prison officials . . . ignored his complaints." 759 F.2d at 1238. Here, Hill cannot argue his complaints were ignored when he only told Nurse Michael he "needed [his] blood pressure checked," *see* ECF No. 1 at 4, and another nurse checked his blood pressure the very next day. ECF No. 9 at 3. In addition, like the plaintiff in *Johnson*, Hill does not deny he was successfully treated for his medical condition. *Id.* A treated plaintiff, complaining of less than a twenty-four-hour delay in receiving non-urgent blood pressure readings, does not come close to

meeting the "extremely high standard" for deliberate indifference. *Domino*, 239 F.3d at 756; *see also Varnado*, 920 F.2d at 321.

Because his pleadings do not show Nurse Michael was deliberately indifferent to his serious medical needs, Hill fails to state a claim on which relief can be granted. Hill's answers to the Court's Questionnaire specifically state Nurse Michael was negligent, rather than deliberately indifferent. Consequently, Hill has no grounds to maintain a constitutional claim against him. *See Lynaugh*, 920 F.2d at 321 (quoting *Fielder*, 590 F.2d at 107) ("A plaintiff's disagreement with medical treatment does not establish a claim of indifference, nor does mere negligence, neglect, or medical malpractice."). Accordingly, Hill's claims contain an "incurable defect," and Chief Judge Lynn should **DISMISS** his case **WITH PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 7, 2021.

                                                                                        _____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE